UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

FILED 2007 OCT 11 AM 11: 33

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Magistrate Case No. |
| Plaintiff, | ) '07 MJ 2431 |
| | ) COMPLAINT FOR VIOLATION OF: |
| v. | ) |
| Def # 1) Monica VARGAS-Marcelo | ) Title 8 U.S.C., Sec. 1324 (a)(2)(B)(ii) Bringing in Illegal Aliens For Financial Gain; Title 18 U.S.C., Sec. 2 Aiding and Abetting |
| Def # 2) Lourdes Marisol GONZALEZ-Martinez, | ) |
| Defendant(s) | ) |

The undersigned complainant, being duly sworn, states:

On or about **October 9, 2007,** within the Southern District of California, defendants **Monica VARGAS-Marcelo and Lourdes Marisol GONZALEZ-Martinez**, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that aliens, namely, **Rey HERNANDEZ-Hernandez, Jose Luis HERNANDEZ-Santiago, and Juan Diego PEREZ-Martinez**, had not received prior official authorization to come to, enter and reside in the United States, did bring to the United States said aliens for the purpose of commercial advantage and private financial gain; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii) and Title 18, United States Code, Section 2.

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

James Trombley
SIGNATURE OF COMPLAINANT

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS 11th DAY OF **October 2007.**

Leo S. Papas
UNITED STATES MAGISTRATE JUDGE

CONTINUATION OF COMPLAINT:
Def# 1:  Monica VARGAS-Marcelo
Def# 2:  Lourdes Marisol GONZALEZ-Martinez

## PROBABLE CAUSE STATEMENT

Furthermore, the complainant states that **Rey HERNANDEZ-Hernandez, Jose Luis HERNANDEZ-Santiago, and Juan Diego PEREZ-Martinez** are citizens of a country other than the United States; that said aliens have admitted that they are deportable; that their testimony is material, that it is impracticable to secure their attendance at the trial by subpoena; and they are material witnesses in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

On October 9, 2007 Supervisory Border Patrol Agent L. Miele of the Campo Station Field Intelligence Unit(FIU) received information that a full size, white Chevrolet van with blue stripes bearing California license plate was possibly involved in alien smuggling activity and may be found near Viejas Casino in Alpine, California. Agent Miele traveled to Viejas Casino and found the van parked and unoccupied in the casino grounds. Agent Miele set up surveillance on the van and contacted other members of the FIU to assist. Supervisory Border Patrol Agent J. Dinise arrived at the casino to assist with surveillance of the van. Other agents set up in various locations to observed traffic nearby and farther east of Pine Valley, California.

At approximately 4:28 P.M., Agent Miele was speaking with Viejas Casino Security when he was advised by Casino camera operator had observed a single female, later identified as defendant #2, **Lourdes Marisol GONZALEZ-Martinez**, getting into the Chevrolet van and departing the casino. Agent Miele confirmed this with Agent Dinise, and intelligence agents began following the van east onto eastbound Interstate 8(I-8). Agents subsequently identified a second vehicle, a black Ford Mustang bearing a Baja California, Mexico license plate as a possible involved vehicle. The black Ford Mustang was being driven by a heavy set female, later identified as defendant #1 **Monica VARGAS-Marcelo**. Agents from the Campo FIU and the Boulevard Station Intelligence Unit maintained constant surveillance of the Chevrolet van and the Ford Mustang as they continued east on I-8 to Kitchen Creek Road, where both vehicles exited and turned south to Old Highway 80. The van continued east towards La Posta Road where agents lost sight of it; minutes later Agent R. Morales observed the van traveling back west on Old Highway 80 towards Kitchen Creek Road where Agent Miele observed that there was a passenger in the van. Agents Miele and Morales followed the van in unmarked Agency vehicles, while other agents waited for the black Ford to return west, believing the van had been dropped off to a group of smuggled aliens and their guides and that defendant #1 would now pick up defendant #2.

Agents followed the van west on I-8 to Buckman Springs Road, where the driver exited and turned north onto a dirt road leading to the Sheepshead Mountain overlook. A Customs and Border Protection helicopter followed overhead as the driver of the van sped recklessly up the steep and winding dirt road towards the top of the mountain, bouncing and skidding in the rocky, rutted roadway. The van stopped near the top of the mountain and all of the occupants began exiting through the sliding side door and running north into the brush. Agents arrived at the scene and gave chase. Thirteen individuals were apprehended. The individuals all stated that they are citizens and nationals of Mexico, illegally in the United States.

During the bail out of the van, agents observed the black Ford Mustang returning west on Old Highway 80 from the direction of La Posta Road. Agents stopped the Ford Mustang on Old Highway 80 west of Buckman Springs Road and arrested both defendants on suspicion of alien smuggling. The defendants and the thirteen undocumented Mexican nationals along with the vehicles were taken to the Boulevard Station for processing.

CONTINUATION OF COMPLAINT:
Def# 1: Monica VARGAS-Marcelo
Def# 2: Lourdes Marisol GONZALEZ-Martinez

### DEFENDANT #1 Monica VARGAS-Marcelo:

Monica VARGAS-Marcelo was advised of her Miranda Rights, which she understood and was willing to answer questions without having an attorney present. Vargas stated that she had received a telephone call from a smuggler. The smuggler asked her to pick up a vehicle in a parking lot in San Ysidro, California and drop it off somewhere near Campo, California. Vargas enlisted the aid of Lourdes Marisol GONZALEZ-Martinez in the movement of the vehicle. Vargas drove Gonzales to the unidentified parking lot near the border, where they found a white Chevrolet van. Gonzalez drove the vehicle to Viejas Casino in Alpine, California. They then waited for further instructions. The foot guide of the group called them and instructed them to drive the van east on Interstate 8 and exit at the Cameron Station exit. He also informed them he would be ready to take the van in about half an hour. VARGAS continued driving the black Ford Mustang while GONZALEZ led with the white Chevrolet van. After exiting at Cameron Station, VARGAS and GONZALEZ were instructed by the foot guide to continue east on Old Highway 80 and that he would call them when they were close. GONZALEZ was instructed to stop at a turn around near the 16 mile marker on the south side of Old Highway 80, she parked the van on the side of the road and left it unlocked with the keys in the ignition. VARGAS then states she picked up GONZALEZ off the side of the road, turned around and began heading back west on Old Highway 80.

VARGAS claims she never saw who got into the van or who drove away with it. She stated she was only to drop off the vehicle and head back home afterwards. VARGAS admitted to knowing that illegal alien smuggling is a punishable crime and was still willing to participate in this event for financial gain. VARGAS claims she had complete knowledge of the van's purpose being to further the illegal entry of undocumented immigrants into the United States and that she would be monetarily compensated by the smuggler.

### DEFENDANT #2 Lourdes Marisol GONZALEZ-Martinez:

Lourdes Marisol GONZALEZ-Martinez was advised of her Miranda Rights, which she understood and was willing to answer questions without having an attorney present.

GONZALEZ stated that she drove the van from Viejas to the place where she dropped it off, while VARGAS followed her in another vehicle. GONZALEZ stated that VARGAS told her to leave the van there and to get back in the car with her. GONZALEZ and VARGAS then headed towards the Golden Acorn Casino.

When confronted by Agent Scott with information gathered during this investigation, GONZALEZ admitted picking the van up at San Ysidro and not at the Viejas Casino like she had claimed. GONZALEZ also admitted that she had lied regarding the man at Viejas Casino. GONZALEZ stated that the man had made arrangements with VARGAS and her in Tijuana. This unidentified man offered her $150.00 to drive the van from San Ysidro to an unknown location. GONZALEZ knew that the van would be used by a man who was hiding nearby. GONZALEZ suspected that the man was either an alien previously deported from the United States or an illegal alien.

After picking the van up at San Ysidro, GONZALEZ drove to Interstate 8 and then to the McDonalds and Walmart located by the Los Coches Exit. GONZALEZ and VARGAS then went to the Viejas Casino to await a call from the unidentified man with further instructions. While at the Viejas Casino, VARGAS told GONZALEZ that it was time to go and gave her directions to the drop off location. GONZALEZ stated that she did not know the location where the van was supposed to be left. GONZALEZ re-stated that VARGAS signaled her with lights from the black Ford Mustang as to the location where she left the van.

**MATERIAL WITNESSES STATEMENTS:**

**Rey HERNANDEZ-Hernandez, Jose Luis HERNANDEZ-Santiago, and Juan Diego PEREZ-Martinez** were interviewed separately. They each stated that they are citizens and nationals of Mexico. Each stated that they were to pay $2200 to be smuggled into the United States. All stated that they had entered the United States on October 8, 2007 through the mountains approximately eighteen miles east of Tecate, California. They walked for about ten hours, and stopped near a highway. After about thirty minutes, a white van came and someone told them to get in.